IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HABIB SURANI,            | § | |
|    Plaintiff, | § | |
| | § | |
| v.                       | § | 3:09-CV-1877-M |
| | § | |
| NAFIF INC.,              | § | |
|    Defendant. | § | |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge for pretrial management. The supplemental findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

On February 2, 2010, the court directed Plaintiff to show cause why the complaint should not be dismissed for failure to complete service of process pursuant to Rule 4(m), Federal Rules of Civil Procedure. Plaintiff failed to respond and on March 2, 2010, the magistrate judge recommended that the case be dismissed without prejudice. On April 2, 2010, in light of correspondence from the Plaintiff, the District Court rejected the recommendation and granted Plaintiff an additional 30 days, from the date of the order, to file a proof of service.

As of the date of this recommendation, Plaintiff has not filed proof of service. Nor has he requested an extension of time to comply with the April 2, 2010 order. In light of the failure to respond, the court finds that Plaintiff cannot satisfy the "good cause" standard of Rule 4(m), and that the complaint should be dismissed without prejudice.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the complaint be DISMISSED without prejudice pursuant to Fed. R. Civ. P. 4(m).

SIGNED this 10th day of May, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.